## Montana Twenty Second Judicial District Court.
## County of Carbon.

STATE OF MONTANA,
    **Plaintiff,**
-vs-
**LARRY BENEDICT DANIELS,**
    **Defendant.**

**CAUSE NO. DC-09-024**
**DECISION**

On March 17, 2010, the Defendant was sentenced to a term of sixty (60) years in the Montana State Prison, for the offense of Deliberate Homicide, a felony, in violation of §45-5-102, MCA. The Defendant shall be ineligible for parole for twenty (20) years. The Court found that the imposition of a parole restriction was appropriate for reasons subsequently enumerated in the sentence in judgment. The Defendant, when able, shall pay restitution in the amount of three thousand two hundred and forty-eight dollars ($3,248.00) to the Crime victims Compensation Program of Montana. If the Defendant becomes eligible for parole he should comply in all respects with the terms and conditions as imposed in the Judgment.

On February 5, 2016, the Defendant's Application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court (hereafter "the Division").

The Defendant was present and was represented by Jennifer Streano of the Office of the State Public Defender. The State was represented by Alex Nixon, Carbon County Attorney.

Before hearing the Application, the Defendant was advised that the

Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The Defendant was further advised that there is no appeal from a decision of the Division. The Defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 12, Rules of the Sentence Review Division of the Supreme Court of Montana, provides that, "The sentence imposed by the District Court is presumed correct. The sentence shall not be reduced or increased unless it is clearly inadequate or clearly excessive." (Section 46-18-904(3), MCA).

The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is clearly inadequate or clearly excessive.

Therefore, it is the unanimous decision of the Division that the sentence is **AFFIRMED**.

Done in open Court this 5th day of February, 2016.

DATED this 29th day of February, 2016.

Hon. Brenda Gilbert, Chairperson, Hon. Brad Newman, Member and Hon. John Warner, Member.